FILED

January 29, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 3:23 PM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT MEMPHIS**

| | |
|---|---|
| CYNTHIA L. MAAITAH,<br>     **Employee,**<br>v.<br>RAYMOND JAMES FINANCIAL,<br>     **Employer,**<br>And<br>AMERICAN CASUALTY CO. OF<br>PA/CNA,<br>     **Insurance Carrier.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Docket No.: 2017-08-0628**<br><br>**State File No.: 41107-2017**<br><br>**Judge Deana Seymour** |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

Cynthia Maaitah claimed spiders bit her multiple times in her genital area and the creases of her legs while working for Raymond James Financial between March and June 2016. She requested medical and temporary disability benefits. Raymond James contested the compensability of her claim. The Court conducted an expedited hearing on January 19, 2018, and holds Ms. Maaitah did not prove a likelihood of success on the merits of her claim at this interlocutory stage. Therefore, the Court denies the requested workers' compensation benefits.

### History of Claim

Ms. Maaitah worked as an administrative assistant for Raymond James on June 13, 2016, when she asked her supervisor, Vicki Douglas, for permission to treat at Coast to Coast Medical for spider bites she claimed she received at work three days earlier. Ms. Douglas granted permission, and Ms. Maaitah saw Advanced Practice Nurse Lisa Schafer.[1]

Ms. Maaitah complained of pain and chills. She described a history of spider bites to her genitals and reported she felt she was "being attacked." Ms. Maaitah told Nurse

---

[1] Ms. Maaitah testified she reported the claim to Raymond James on June 10, but Ms. Douglas testified Ms. Maaitah first notified her by calling from Coast to Coast on June 13.

Schafer she thought a spider bit her at work; however, she also had spiders at home. Nurse Schafer diagnosed non-work-related contact dermatitis and released her to work without restrictions. The only other medical records presented showed a prior history of genital lesions and a vulvar abscess related to "shaving."

Ms. Maaitah believed spiders were causing her symptoms of "feather-like sensations" followed by "a horrible pinch and then a painful stab." However, she was not sure. She never saw spiders at Raymond James, and a spider bit Ms. Maaitah at her home a week before she reported her claim to Raymond James. Her home was fumigated for insects, including spiders.

Ms. Douglas testified Terminix routinely inspected and treated Raymond James since 2013. Terminix had not detected a spider, alive or dead. An employee had claimed a spider bite before June 10, and Terminix preventatively fumigated the area.

Ms. Maaitah filed her Petition for Benefit Determination on June 6, 2017, noting "the physician could not determine if the injuries and illness was due to conditions at work." Raymond James denied the claim on June 14 stating, "medical reveals condition is not work-related."

## Findings of Fact and Conclusions of Law

### *Standard Applied*

At this expedited hearing, Ms. Maaitah must come forward with sufficient evidence from which the Court can determine she likely will prove a compensable injury at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Ms. Maaitah of the burden to produce evidence of an injury by accident that arose primarily out of and in the course and scope of employment, but "allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

### *Causation*

To prove a compensable injury, Ms. Maaitah must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14)(B) (2017). An injury "arises primarily out of and in the course and scope of employment" only if it contributes more than fifty percent in causing the injury, considering all causes, as shown to a reasonable degree of medical certainty. Tenn. Code Ann. § 50-6-102(14)(B) and (C).

2

Here, no medical proof established that a spider bit Ms. Maaitah at work, or that an alleged spider bite contributed more than fifty percent in causing the condition she claimed, considering all causes. Terminix's January through June 2016 reports showed that it did not detect spiders, dead or alive, at Raymond James. Additionally, Ms. Maaitah testified a spider bit her at home before she claimed a bite at work.

Thus, the Court holds Ms. Maaitah failed to satisfy her burden of proving she sustained spider bites that arose primarily out of and in the course and scope of her employment and denies her request for medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Maaitah's claim against Raymond James for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing **on March 12, 2018, at 9:00 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without the parties' participation.

Entered this the 29th day of January, 2018.

**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:
1. Medical records with Table of Contents, filed on September 11, 2017
2. Medical records from Coast to Coast Medical dated June 13, 2016, and June 6, 2016, not included in Exhibit 1
3. C-32 Standard Form Medical Report for Industrial Injuries
4. LabCorp lab results, dated June 11, 2015
5. Lab results from The Women's Clinic, dated June 21, 2015
6. Lab results from The Women's Clinic, dated June 21, 2015
7. Lab results from The Women's Clinic, dated June 23, 2015
8. Lab results from The Women's Clinic, dated July 26, 2015
9. Authorization to Treat Occupational Injury/Illness for date of injury June 13, 2016
10. Authorization to Treat Occupational Injury/Illness for date of injury May 31, 2016
11. Correspondence to Raymond James Financial from Bureau regarding filing a Form C-20 First Report of Injury, dated June 7, 2017
12. Form C-23 Notice of Denial of Claim for Compensation, dated June 14, 2017
13. Letter to Ms. Maaitah from Bureau mediator, dated June 26, 2017
14. Memorandum from Raymond James Financial dated June 8, 2016
15. Raymond James Financial's response to OSHA complaint, with attachments, dated July 29, 2016
16. Exterminator work orders for Ms. Maaitah's residence from Cook's Pest Control (Collective)
17. Email from Ms. Maaitah to Raymond James Financial, dated June 14, 2016, and Raymond James Financial's response, dated June 15, 2016
18. Email from Ms. Maaitah regarding resignation of her employment, dated June 15, 2016, and Raymond James Financial's response, dated June 16, 2016
19. Affidavit of Vicki Douglas
20. Email from Ms. Maaitah to Raymond James Financial, dated June 12, 2015
21. Unum Short Term Disability Claim forms (Collective)
22. Email from Ms. Maaitah regarding resignation of her employment, dated June 15, 2016
23. Email from Ms. Maaitah to Raymond James Financial, dated June 14, 2016

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing and attached affidavit
4. Response of Employer Raymond James Financial to Employee's Request for Expedited Hearing, along with attachments
5. Order Denying Employee's Request for a Decision on the Record
6. Ms. Maaitah's Witness List
7. Ms. Maaitah's Exhibit List

8. Raymond James Financial's Pre-Hearing Brief
9. Ms. Maaitah's Pre-Hearing Statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 29th day of January 2018.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Cynthia L. Maaitah, Employee | X | | X | 1976 N. Avalon Street Apartment 70 West Memphis, AR 72301 cmwoowoo@yahoo.com |
| Dennis G. Sadler M. Shawn Cardwell Employer's Attorneys | | | X | dennis.sadler@leitnerfirm.com shawn.cardwell@leitnerfirm.com |

Penny Patterson-Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6